UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF YORK
-------------------------------------------------------- X
                                                         :
PROMED CASUALTY INSURANCE                                :
COMPANY LTD. and PROMED                                  :
REINSURANCE LTD.,                                        :  Civil Action No.
                                                         :
                                                         :
               Petitioners,                              :
                                                         :
         -and-                                           :  **PETITION TO CONFIRM**
                                                         :  **ARBITRATION AWARD AND**
                                                         :  **ENTER JUDGMENT THEREON**
CONDOR INSURANCE LIMITED,                                :
                                                         :
               Respondent.                               :
                                                         :
-------------------------------------------------------- X

      Petitioners ProMed Casualty Insurance Company, Ltd. and ProMed Reinsurance Limited (collectively "ProMed"), respectfully petitions this Court to Confirm the Arbitration Award issued on December 15, 2006 in In the Matter of the Arbitration between ProMed Casualty Insurance Company Ltd. and ProMed Reinsurance Ltd and Condor Insurance Limited and to enter judgment thereon. In support thereof, Petitioners allege as follows:

## THE PARTIES

      1.     Petitioners ProMed are both corporations organized and existing under the law of the Island of Nevis, with their principal places of business at 1849 West North Temple, Salt Lake City, Utah.

      2.     Respondent Condor Insurance Limited (hereinafter "Condor") is a corporation organized and existing under the laws of the Island of Nevis, with its principal place of business at 1145 Robinson Street, Ocean Springs, Mississippi.

## JURISDICTION AND VENUE

3. This Court has jurisdiction in this matter pursuant to 9 U.S.C.A. Section 203. This proceeding concerns written agreements providing for arbitration and enforcement of any arbitration awards in the territory of a signatory to the New York Convention concerning a commercial subject matter that is not entirely domestic in scope, and therefore falls within the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention").

4. Subject matter jurisdiction also exists in this matter by virtue of the fact that the arbitration hearing took place in this District, the arbitration award was issued out of this District and this Court (Judge Hellerstein) previously held it had jurisdiction over this matter by entering an order dated July 21, 2006 (**Exhibit A**) in granting ProMed's petition to confirm a pre-arbitration hearing security award and denying Condor's motion to vacate the award, in the case of Condor Insurance Ltd v. Jeffrey Brunken and ProMed Casualty Insurance Co., Ltd, Docket No. 06 Civ. 4385 (AKH).

5. Furthermore, this Court (Judge Berman) has already held that this Court has personal jurisdiction over Respondent Condor in ProMed Casualty Insurance Co. Ltd. v. Condor Insurance Ltd, Docket No. 06 Civ. 1306 (RMB) in a Decision and Order dated May 17, 2006. In that decision, Judge Berman rejected all of Condor's arguments regarding jurisdiction (and otherwise) and granted ProMed's petition to compel arbitration (**Exhibit B**). Judge Berman held that Condor consented to personal jurisdiction of this Court by suggesting and then agreeing to arbitrate in New York.

## PRIOR ACTIONS

6. There have been 2 prior actions filed in this Court arising from the same transaction or occurrence alleged in this petition. On or about February 17, 2006, ProMed filed a Petition to Compel Arbitration against Condor under 06 civ 1306. That action concluded by entry of an order by Judge Berman dated May 17, 2006 granting the Petition (**Exhibit B**). Thereafter, Condor filed a Petition to Vacate the Interim Award of the Arbitration Panel and ProMed cross-moved to confirm the award under 06 Civ 4385. This action concluded by entry of an order by Judge Hellerstein denying the petition to vacate and granting the cross-petition to confirm (**Exhibit A**).

## REQUEST TO CONFIRM THE ARBITRATION AWARD

7. Condor reinsured ProMed under two contracts, one an Excess of Loss Reinsurance Agreement (the "Excess of Loss Agreement")(**Exhibit C**) and the other a Quota Share Reinsurance Agreement (**Exhibit D**). The Excess of Loss Agreement contained the Arbitration Clause that provided the arbitrators with authority to resolve all disputes between these parties (See **Exhibit C**, Article 12, pages 4-5 and Article 17, page 7). Likewise, the arbitration clause in the Quota Share Reinsurance Agreement gave the arbitrators the same authority (See **Exhibit D**, Section 12, pages 9-10 and Section 18, page 13).

8. By letter dated October 7, 2005, ProMed commenced arbitration and demanded that Condor appoint an arbitrator within 30 days. By November, 2005, all arbitrators were selected and in place. However, in October, 2005, Condor began to raise issues regarding ProMed's corporate formation and its legal capacity to enter into reinsurance contracts at all while continuing to ratify the Reinsurance Agreements by accepting premium.

9. By correspondence of November 11, 2005, Condor stated that "[a]lthough the agreement sets London as the venue, we propose that New York may be a more suitable and convenient alternative. By letter of December 21, 2005, ProMed confirmed the agreement between the parties to set New York as the venue for arbitration. Thereafter, on or about January 10, 2006, an "Organizational Meeting" in the arbitration was scheduled in New York for February 22, 2006. Subsequently, ProMed took the position that the arbitration panel had no jurisdiction over the matter and thus made it clear it would not participate in the Organizational Meeting but would instead make a "special appearance" instead. As a result, ProMed filed its Petition to Compel Arbitration that was eventually granted by Judge Berman's Order of May 17, 1006 (**Exhibit B**).

10. Eventually an arbitration hearing took place on December 11, 2006 and the arbitrators issued a Final Award on December 15, 2006 (**Exhibit E**). In pertinent part, the award provides as follows:

- That Condor is ordered to pay $4,239,451.50 to ProMed (for return of premiums plus interest less credit due to Condor);

- That as a result of Condor's dilatory tactics, Condor is ordered to pay attorney's fees to ProMed in the amount of $562,074.29;

- That as a result of Condor's breach of duty of good faith, Condor is ordered to pay $250,000.00 in additional damages;

- That Condor is ordered to turn over funds segregated in an account at UBS Bank within 4 days of the date of the award, failure of which interest will accrue on the award at the annual rate of 12% from the date of the award until paid. [The segregated funds were not turned over to ProMed].

11.  The amount due under the award is therefore calculated as follows:

| | |
|---|---|
| $ 4,239,451.50 | (main award) |
| 562,074.29 | (attorney's fees) |
| 250,000.00 | (additional damages) |
| 293,956.86 | (interest at 12% per annum through June 11, 2007) |
| $ 5,345,482.65 | |

12.  Condor has not filed a motion to vacate, modify or correct the arbitration award. 9 U.S.C. Section 12 provides that any such application must be filed within 3 months after the arbitration award was made. Read with case law interpreting said statute, Condor is time-barred from seeking to vacate, modify or correct the award. Accordingly, there is no defense to this action.

## REQUEST FOR RELIEF

13.  ProMed respectfully requests entry of an order confirming the Arbitration Award of December 15, 2006, for entry of judgment in favor of ProMed and against Condor in the amount of $5,345,482.65, with interest continuing to run at the rate of 12% per annum until paid in full.

Dated: Livingston, New Jersey
       June 13, 2007

Respectfully submitted,

DAVID M TAUS, LLC
Attorneys for Petitioners

By: _____
David M. Taus (DT-0237)
631 West Mt. Pleasant Avenue
Livingston, New Jersey 07039
(973) 758-9026

To:  Condor Insurance Limited
     1145 Robinson Street
     Ocean Springs, Mississippi 39564

     Condor Insurance Limited
     Temple Building Suites 10-11
     Main and Prince William Street
     Charlestown, Nevis, West Indies

     Lipsitz, Nassau & Schwartz
     Attorneys for Condor Insurance Ltd.
     1100 Fifth Avenue
     Pittsburgh, PA 15219