incurred by the Reinsurer shall be chargeable, subject to regulatory approval, against the Reinsured as part of the expenses of conservation or liquidation to the extent of a proportionate share of the benefit which may accrue to the Reinsured solely as a result of the defense undertaken by the Reinsurer.

## SECTION FOURTEEN

**Several Liability Clause**

The subscribing Reinsurer's obligations under the contracts of reinsurance to which they subscribe are several and not joint and are limited solely to the extent of their individual subscriptions. The subscribing Reinsurers are not responsible for the subscription of any co-subscribing Reinsurer who for any reason does not satisfy all or part of its obligations.

## SECTION FIFTEEN

**Extra Contractual Obligations**

This agreement shall protect the Reinsured within the limits hereof, where the ultimate net loss includes any Extra Contractual Obligations. The term "Extra Contractual Obligations" is defined as those liabilities not covered under any other provisions of this Agreement and which arise from the handling of any claim on the business covered hereunder, such liabilities arising because of, but not limited to, the following: failure by the Reinsured to settle within the policy limit, or by reason of alleged or actual negligence,

fraud, or bad faith in rejecting an offer of settlement or in the preparation of the defense or in trial of any action against its insured or reinsured or in the preparation or prosecution of an appeal consequent upon such action.

The date on which any Extra Contractual Obligation is incurred by the Reinsured shall be deemed, in all circumstances, to be the date of the original claim.

However, this article shall not apply where the loss has been incurred due to fraud by a member of the Board of Directors or a corporate officer of the Reinsured acting individually or collectively or in collusion with any individual or corporation or any other organization or party involved in the presentation, defense or settlement of any claim covered hereunder.

## SECTION SIXTEEN

**Excess of Original Policy Limits**

This Agreement shall protect the Reinsured, within the limits hereof, in connection with the ultimate net loss in excess of the limit of its original policy, such loss in excess of the limit having been incurred because of the failure by it to settle within the policy limit or by reason of alleged or actual negligence, fraud or bad faith in rejecting an offer of settlement or in the trial of any action against its insured or reinsured or in the preparation or prosecution of an appeal consequent upon such action.

However, this article shall not apply where the loss has been incurred due to fraud by a member of the Board of Directors or a corporate officer of the Reinsured acting individually or collectively or in collusion with any individual or corporation or any other organization or party involved in the presentation, defense or settlement of any claim covered hereunder.

For the purpose of this article, the word "loss" shall mean any amounts for which the Reinsured would have been contractually liable to pay had it not been for the limit of the original policy.

## SECTION SEVENTEEN

**Intermediary**

Alydon International Limited is hereby recognized as the Intermediary Consultant negotiating this agreement. All communications (including but not limited to notices, statements, premiums, return premiums, commissions, taxes, losses, loss adjustment expenses, salvages and loss

settlements) relating thereto shall be transmitted to the Reinsured or the Reinsurer though the Intermediary Consultant.

## SECTION EIGHTEEN

**Honorable Undertaking**

The purposes of this Agreement are not to be defeated by a narrow technical construction of its provisions: it will be considered an honorable undertaking and will be subject to liberal construction for the purpose of giving effect to the real intentions of the parties hereto. In the event of any misunderstanding or dispute arising between the parties in reference to any provisions of this Agreement, the amount of premium due, or the amount of loss, the matter in dispute will be referred to arbitration in the manner provided herein, and the parties hereto agree to abide by the result of such arbitration.

## SECTION NINETEEN

**Jurisdiction**

It is understood and agreed that this Agreement shall be subject to the jurisdiction of the High Court of Justice in England which shall apply the law of England as the proper law of this Agreement.

## SIGNING PAGE

Attaching to and forming part of the QUOTA SHARE REINSURANCE AGREEMENT No: PMC 2003/201

BETWEEN

**Pro Med Casualty Insurance Company Limited and/or Pro Med Reinsurance Limited**
Charleston, Nevis, West Indies
for their respective rights and interests
AND
**Condor Insurance Limited**
Charleston, Nevis, West Indies

**IN WITNESS WHEREOF**, the parties hereto have caused this Agreement to be executed in duplicate by their duly authorised representatives.

Signed at _____ this the \_\_\_\_\_ day

of _____, 2005.

**Condor Insurance Limited**

_____
**Authorized Signature**

Signed at _____ this the \_\_\_\_\_ day

of _____, 2005.

**Pro Med Casualty Insurance Company Limited**
**Pro Med Reinsurance Limited**

_____
**Authorized Signature**

# ADDENDUM

Attaching to and forming part of Reinsurance Agreement No: PMC 2003/201

BETWEEN
PRO MED CASUALTY INSURANCE COMPANY LTD. and/or
PRO MED REINSURANCE LTD.
AND
CONDOR INSURANCE LIMITED

It is hereby agreed between the parties hereto that this agreement shall terminate effective 12:01a.m. 1st. April, 2005 and under the terms of Section 2 hereof the Reinsurer hereon will continue to cover all policies then in effect and coming within the scope of this agreement until the expiration, termination or renewal date of such policies whichever comes first.

**IN WITNESS WHEREOF,** the parties hereto have caused this Addendum to be executed in duplicate by their duly authorised representatives.

Signed at                         this        day of          ,2005

**PRO MED CASUALTY INSURANCE LTD.**

_____

Signed at                         this        day of          ,2005

**PRO MED REINSURANCE LTD.**

_____

Signed at                         this        day of          ,2005

**CONDOR INTERNATIONAL LIMITED**

_____

Addendum
E&OE
31Mar05

# Condor Insurance Limited

(869) 469-1699 • Temple Building Suites 10-11, Main and Prince William Street • (869) 469-1767 (Fax)
Charlestown, Nevis • West Indies
www.CondorLtd.com

October 15, 2003

Roy Bray
Alydon International Ltd.
PO Box HM 2217
Hamilton, Bermuda

Covernote No. PMC 2003/201

We are pleased to confirm that we affected the following coverage:

| | |
|---|---|
| REINSURED: | Pro Med Casualty Insurance Company Ltd. and/or Pro Med Reinsurance Ltd. for their respective rights and interests. |
| TYPE: | Quota Share |
| INTEREST: | Medical Professional Liability, including Premises General Liability, as underwritten by Professional Risk Underwriters LLC on behalf of the Reinsured |
| PERIOD: | 12:01 am 1st September, 2003 to 12:01am 1st January, 2004 and for further periods of 12 months as may be agreed by the parties hereto.<br>Subject to 90 days prior notice of cancellation by either party to take effect at any anniversary date.<br>Run-off/Cut-off at Reinsured's option |
| LIMIT: | $200,000 ultimate net loss, each & every claim any one original insured.<br><br>Loss adjustment expenses/defence costs payable in addition to the limit. |
| REINSURED's RETENTION: | 50% |
| ACCOUNTS: | Monthly, premium bordereau and claims reports within 15 days of the end of each month. |

Office Of Harvey Milam, President
1145 Robinson Street, Ocean Springs, MS 39564
Telephone (228) 875-7758 • Fax (228) 875-7761 • Email: Harvey@CondorLtd.com

Premium settlement, less paid claims, within 30 days of the end of each month.

Claims reports in respect of individual claims involving serious injury and any claims reserved excess of $100,000.

Applicable premium payable hereunder is net of the cost of any excess of loss reinsurance premiums as may be determined from time to time for limits in excess of $200,000.

**CEDING COMMISSION:** 29.5% of premium ceded hereto

**BROKERAGE:** 5% of premium ceded hereto

**CASH LOSSES:** $100,000 (for 100%)

**CONDITIONS:** Subject to all terms, clauses and conditions as original policy(ies) and to follow the settlements of the Reinsured in all respects within the terms of this reinsurance.

- Arbitration clause
- Access to Records clause
- Intermediary clause
- Errors & Omissions clause
- Insolvency clause
- Several Liability clause
- Extra Contractual Obligations/Excess of Original Policy Limits clauses
- Ultimate Net Loss clause
- Offset clause

**WORDING:** To be agreed by Reinsurer hereon.

**TERRITORY:** USA and/or as original

Agreed and Accepted

Harvey Milam
Condor Insurance Limited
Dated:

# Condor Insurance Limited

(869) 469-1699 • Temple Building Suites 10-11, Main and Prince William Street • (869) 469-1767 (Fax)
Charlestown, Nevis • West Indies
www.CondorLtd.com

## COVER NOTE ENDORSEMENT

Attaching to and forming part of Cover Note No: PMC 2003/201

Reinsured:   Pro Med Casualty Insurance Company Ltd. and/or Pro med Reinsurance Ltd. for their respective rights and interests.

It is hereby noted and agreed that effective 12:01a.m. 1st. January, 2004 the Period hereon is extended to expire at 12:01a.m. 1st. April, 2004.

All other terms and conditions remain unchanged.

CONDOR INSURANCE LIMITED
Per:

Date: 23 Dec. 2003

E&OE
19Dec03

Office Of Harvey Milam, President
1145 Robinson Street, Ocean Springs, MS 39564
Telephone (228) 875-7758 • Fax (228) 875-7761 • Email: Harvey@CondorLtd.com