```
------------------------------------------------------------X
                                                            :
In the Matter of the Arbitration Between                    :
                                                            :
PROMED CASUALTY INSURANCE COMPANY                           :
LTD. and PROMED REINSURANCE LTD.,                           :     Panel Members:
                                                            :     Paul E. Dassenko, Umpire
            Petitioner,                                     :     Diane M. Nergaard, Arbitrator
                                                            :     Klaus H. Kunze, Arbitrator
      -and-                                                 :
                                                            :
CONDOR INSURANCE LIMITED,                                   :
                                                            :
            Respondent.                                     :
                                                            :
------------------------------------------------------------X
```

## FINAL AWARD

WHEREAS, the Panel has considered the briefs submitted by Petitioner ProMed Casualty Insurance Company Ltd. and ProMed Reinsurance Ltd. ("ProMed") and Respondent Condor Insurance Limited ("Condor") as well as all of the correspondence and e-mails from the parties; and

WHEREAS, the Panel has considered all the evidence presented at the Hearing commencing on December 11, 2006;

NOW WHEREFORE, the Panel issues the following Award:

1. The Panel confirms that the Quota Share Reinsurance Agreement No. 2003/201 and the Excess of Loss Reinsurance Agreement No. 2002/208 ("Reinsurance Agreements") between ProMed and Condor are void *ab initio*, as the parties have requested.

2. We find that Condor accepted $3,637,117.61 in premium from ProMed, and we note evidence showing that Condor admits accepting at least $3.15 million of this amount

EXHIBIT E

after November 2003. We also find that Condor was aware, at least by August 2003, that ProMed had been established as a reinsurer only.

3. In our unanimous October 6 Interim Final Award, as unanimously confirmed by our October 24 denial of Condor's request for reconsideration, we found that there is no genuine issue of disputed fact that Condor should be obligated to return, at a minimum, $1,210,650.52 to ProMed.

4. Condor is hereby ordered to pay ProMed the sum of $4,239,451.50. This award consists of:

(a) Premiums Condor must return to ProMed which Condor accepted under the Reinsurance Agreements totaling $3,637,117.61 (our October Interim Final Award required Condor to pay ProMed $1,210,650.52 which is included in the $3,637,117.61);

(b) The amount Condor must pay ProMed for the time value of money on the monies that Condor has withheld, totaling $859,476.75; and

(c) The amounts in subsections (a) and (b) are reduced by the amount of Condor monies paid to ProMed under the Reinsurance Agreements in the sum of $220,572.73, as well as the time value of that sum, calculated at the same rate of interest, in the sum of $36,570.13.

5. The Panel also finds that Condor has engaged in continual efforts to delay and defeat the arbitration by all kinds of dilatory tactics. The Panel orders Condor to remit $562,074.29 in attorney's fees, which is calculated at a rate of 12.5% of the sum of the monies Condor has withheld and the time value of money.

6.  The Panel orders Condor to remit $250,000.00 in additional damages as a result of Condor's breach of its duty of utmost good faith.

7.  Condor will satisfy this Award by remitting payment to ProMed within four (4) business days of this Award. The Panel notes Condor's repeated statements that Condor has segregated at least $2.738 million in an account at UBS Bank and finds that Condor can turn over those funds within four (4) business days. If Condor does not remit the balance within four (4) business days of this Award, interest will begin to accrue at an annual rate of 12% from the date of this Award until paid.

Dated: New York, New York
December 15, 2006

_____
Paul E. Dassenko, Umpire

_____
Diane M. Nergaard, Arbitrator

_____
Klaus H. Kunze, Arbitrator

3